■　In the Matter of the Claim of WINFIELD STRINGHAM, Respondent, F & M SCHAEFER BREWING Co., Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— HERLIHY, J. Appeal by the employer from a decision of the Unemployment Insurance Appeal Board that claimant left his employment for good cause. The claimant while on vacation suffered a heart attack and was unable to return to his work. During the period of his illness he was advised that he came within the age limit to retire and receive a substantial severance allowance under the provisions of a union contract which provided for incentive retirement and that because of his age, the election to do so would have to be made during the period of his illness. He accordingly made such election while receiving disability benefits. Subsequently the doctor advised claimant that he could no longer pursue his former occupation but could, commencing on June 3, 1966, do light work. The board found that

claimant attempted to obtain such light work from his employer and in the labor market generally and not having found the same, became eligible for benefits on July 4, 1966. The doctor did not testify but submitted a letter setting forth the history of claimant's illness and the fact that he could return to work on the above stated date. When the letter was offered at the hearing, the attorney for the employer objected on the grounds that the doctor was not present and the Referee noted that the objection would be considered in evaluating the testimony. At the conclusion of the hearing the employer's attorney argued that the claimant was not entitled to benefits, but made no further objection to the introduction of the letter. The case was then adjourned at the claimant's request for the purpose of submitting a brief or other communication. At the next hearing there were no appearances, but the Referee noted that a letter had been received from the claimant's attorneys and the case was closed, the Referee determining that the claimant was unable to work until June 3; that he made attempts to secure light work unsuccessfully and, therefore, became entitled to benefits on July 4. The employer thereafter requested an additional hearing for the purpose of examining the doctor and for other reasons, including that the claimant was receiving a pension from the employer. The board affirmed the Referee's decision, but remitted so that the claimant's benefit rate could be investigated with regard to claimant's receipt of a pension from his employer. (Labor Law, § 600.) The board may, in its discretion, order further hearings. (See Labor Law, § 621, subd. 3; 12 NYCRR 463.3 [c], [g].) From our review of the record, it is apparent that the rights of the employer were not prejudiced and that the board did not abuse its discretion. Decision affirmed, with costs. Gibson, P. J., Herlihy, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Herlihy, J.